

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:25CR142-1 |
| v. | : | |
| WILLIAM LAMAR RHEW, III | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, WILLIAM LAMAR RHEW, III, in his own person and through his attorneys, Walter C. Holton, Jr., and Cheryl Andrews, and state as follows:

1. The defendant, WILLIAM LAMAR RHEW, III, is charged in a Bill of Information in case number 1:25CR142-1, which charges him in Count One with a violation of Title 18, United States Code, Section 1343, wire fraud; which charges him in Count Two with a violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), money laundering; which charges him in Count Three with a violation of Title 15, United States Code, Section 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, securities fraud; which charges him in Count Four with a violation of Title 26, United States Code, Section 7201, tax evasion; and which charges him in Count Five with a violation of Title 26, United States Code, Section 7203, willful failure to file a

tax return.

2. The defendant, WILLIAM LAMAR RHEW, III, will enter a voluntary plea of guilty to Counts One, Two, Three, Four, and Five of the Information herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorneys.

    a. The defendant, WILLIAM LAMAR RHEW, III, understands that, as to Count One of the Information herein, the maximum term of imprisonment provided by law is not more than twenty years, and the maximum fine is $250,000, or twice the gross gain or loss, whichever is greater, or both, together with the costs of prosecution. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Additionally, the defendant may receive a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    b. The defendant, WILLIAM LAMAR RHEW, III, understands that, as to Count Two of the Information herein, the maximum term of imprisonment provided by law is not more than twenty years, and the maximum fine is $500,000, or twice the value of the property involved in the transaction, whichever is greater, or both, together with the costs of

2

prosecution. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Additionally, the defendant may receive a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, WILLIAM LAMAR RHEW, III, understands that, as to Count Three of the Information herein, the maximum term of imprisonment provided by law is not more than twenty years, and the maximum fine is $5,000,000, or twice the gross gain or loss, whichever is greater, or both, together with the costs of prosecution. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Additionally, the defendant may receive a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  d. The defendant, WILLIAM LAMAR RHEW, III, understands that, as to Count Four of the Information herein, the maximum term of imprisonment provided by law is not more than five years, and the maximum fine is $250,000, or twice the gross gain or loss, whichever is greater, or both, together with the costs of prosecution. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Additionally, the defendant may receive a term of supervised release of not

more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

   e. The defendant, WILLIAM LAMAR RHEW, III, understands that, as to Count Five of the Information herein, the maximum term of imprisonment provided by law is not more than one year, and the maximum fine is $100,000, or twice the gross gain or loss, whichever is greater, or both, together with the costs of prosecution. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Additionally, the defendant may receive a term of supervised release of not more than one year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

   f. The defendant, WILLIAM LAMAR RHEW, III, also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any person directly harmed by the defendant's conduct in the course of the scheme set out in paragraphs 1 through 16 of the Information herein, pursuant to Title 18, United States Code, Section 3663A.

   g. The defendant, WILLIAM LAMAR RHEW, III, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed

4

by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    h. The defendant, WILLIAM LAMAR RHEW, III, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, WILLIAM LAMAR RHEW, III, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, WILLIAM LAMAR RHEW, III, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

    3. By voluntarily pleading guilty to Counts One, Two, Three, Four, and Five of the Information herein, the defendant, WILLIAM LAMAR RHEW, III, knowingly waives and gives up his constitutional rights to plead not guilty,

to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, WILLIAM LAMAR RHEW, III, is going to plead guilty to Counts One, Two, Three, Four, and Five of the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is understood that if the Court determines at the time of sentencing that the defendant, WILLIAM LAMAR RHEW, III, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

    b. The parties agree that the amount of intended loss, including relevant conduct, as defined by U.S.S.G. § 1B1.3, for Counts One, Two, and Three is $14,868,815.67. The parties understand that this is a recommendation only and not binding upon the Court. This portion of the Plea

Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

        c.        The parties agree that the amount of intended loss, including relevant conduct, as defined by U.S.S.G. § 1B1.3, for Counts Four and Five is $3,056,936. The parties understand that this is a recommendation only and not binding upon the Court. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

        d.        The defendant, WILLIAM LAMAR RHEW, III, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, WILLIAM LAMAR RHEW, III, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

        e.        It is agreed that the defendant, WILLIAM LAMAR RHEW, III, will waive in open court prosecution by Indictment and consent to be charged in an Information.

        f.        The defendant, WILLIAM LAMAR RHEW, III, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority

of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    g. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, WILLIAM LAMAR RHEW, III, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, WILLIAM LAMAR RHEW, III, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

  6. The defendant, WILLIAM LAMAR RHEW, III, understands and agrees that pursuant to Title 18, United States Code, Section 3013, the defendant shall pay an assessment to the Court of $100 per count of conviction. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

  7. The defendant, WILLIAM LAMAR RHEW, III, agrees that his debt resulting from the criminal monetary penalties due under the criminal

8

judgment will be submitted to the Treasury Offset Program even if defendant debtor is current in his payment under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, WILLIAM LAMAR RHEW, III, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, WILLIAM LAMAR RHEW, III, agrees to the following terms concerning restitution:

    a. The defendant, WILLIAM LAMAR RHEW, III, agrees to pay restitution in the total amount of $17,925,751.67 pursuant to Title 18, United States Code, Section 3663(a)(3) for Counts One, Two, Three, Four, and Five of the Information herein and for any harms caused by the defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663(a).

    b. The defendant, WILLIAM LAMAR RHEW, III, agrees that the total amount of restitution reflected in this agreement results from the defendant's criminal conduct.

    c. The defendant, WILLIAM LAMAR RHEW, III, agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

9

Clerk of Court
U.S. District Court
324 W. Market St.
Greensboro, NC 27401

      d.    The defendant, WILLIAM LAMAR RHEW, III, understands that he is not entitled to credit with the Internal Revenue Service ("IRS") for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

      e.    The defendant, WILLIAM LAMAR RHEW, III, is entitled to receive credit for restitution paid for the tax loss pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

10

f. The defendant, WILLIAM LAMAR RHEW, III, agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can reasonably be made as required under Title 18, United States Code, Section 3572(d).

g. The defendant, WILLIAM LAMAR RHEW, III, agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate.

10. The defendant, WILLIAM LAMAR RHEW, III, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

11. The parties acknowledge that no agreements, representations, or understandings have been made between the parties in this case other than

those which are explicitly set forth in this Plea Agreement. No additions or modifications shall be valid unless executed in writing and signed by all parties.

This, the 27th day of Jan., 2025.

SANDRA J. HAIRSTON
United States Attorney
RANDALL S. GALYON
ACTING UNITED STATES ATTORNEY

*[signature: Laura J. Dildine]*
LAURA J. DILDINE
NCSB #41205
Assistant United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

*[signature: Walter C. Holton, Jr.]*
WALTER C. HOLTON, JR.
Attorney for Defendant

*[signature: Cheryl Andrews by WCH]*
CHERYL ANDREWS
Attorney for Defendant

*[signature]*
WILLIAM LAMAR RHEW, III
Defendant

/S/ JGM